Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ANTILLON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDISON INTERNATIONAL, PEDRO J. PIZARRO, and MARIA RIGATTI,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

Plaintiff Felipe Antillon ("Plaintiff") alleges the following upon personal knowledge as to allegations specifically pertaining to Plaintiff and, as to all other matters, upon the investigation of counsel, which included: (a) review and analysis of public filings with the United States Securities and Exchange Commission ("SEC") made by Edison International ("Edison" or the "Company") and related parties; (b) review and analysis of press releases and other publications disseminated by Edison and related parties; (c) review and analysis of shareholder communications, conference calls and postings on Edison's website concerning the Company's public statements; (d) review and analysis of news articles concerning Edison and related parties; and (e) review of other publicly available information concerning Edison, related parties, and/or the Individual Defendants (as defined below).

## NATURE OF THE ACTION

1.      This is a federal securities class action brought on behalf of all persons or entities that purchased or otherwise acquired Edison publicly traded securities from February 25, 2021 through February 6, 2025, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Plaintiff alleges that Defendants violated the Exchange Act by publishing false and misleading statements to artificially inflate the Company's stock price.

2.      Edison International is the parent holding company of Southern California Edison Company ("SCE") and Edison Energy Group, Inc. ("Edison Energy Group"). SCE is an investor-owned public utility primarily engaged in the business of supplying and delivering electricity to an approximately 50,000 square mile area of southern California. Edison Energy Group is a holding company for Edison Energy, LLC which is engaged in the

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

competitive business of providing energy services to commercial and industrial customers.

3.    Throughout the class period, Edison claimed that SCE uses its Public Safety Power Shutoffs ("PSPS") program to "proactively de-energize power lines to mitigate the risk of catastrophic wildfires during extreme weather events."

4.    On January 7, 2025, a fire began in the area of Eaton Canyon (the "Eaton Canyon Fire") in the unincorporated census designated place in Los Angeles County, California, called Altadena, within a half mile from the intersection of North Altadena Drive and Midwick Drive in Pasadena, CA 91107 ("General Area of Origin").

5.    The transmission circuit in Eaton Canyon, as well as related hardware fixtures, devices, structures, components, property, easements, and rights of way were part of an electrical transmission system ("ETS") owned, designed, constructed, installed, inspected, maintained and/or controlled by Defendant Edison or its subsidiary SCE.

6.    Following the outbreak of the Eaton Canyon Fire, on January 8, 2025, Edison stated in a press release that its "distribution lines immediately to the west of Eaton Canyon were de-energized well before the reported start time of the fire, as part of SCE's Public Safety Power Shutoff (PSPS) program."

7.    However, on January 12, 2025, Edison admitted that there were "no interruptions or operational/electrical anomalies in the 12 hours prior to the fire's reported start time until more than one hour after the reported start time of the fire."

8.    On January 13, 2025, a complaint was filed in the Superior Court of the State of California for the County of Los Angeles alleging that the fires originated from Edison's power lines. The complaint included eye-witness

2

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

accounts and photographs that showed the fire was started by Edison's electrical equipment.

9.    On this news, Edison share prices dropped by $7.73, or approximately 11.89%, on January 13, 2025.

10.    On February 6, 2025, The Wall Street Journal reported that SCE "submitted two letters to the California Public Utilities Commission with updates on its analysis of the Eaton and Hurst wildfires, saying it believes its equipment may be associated with the start of the Hurst fire."

11.    On this news, Edison share prices dropped by $1.28, or approximately 2.4%, on February 6, 2025.

12.    Plaintiff and the other Class members have suffered significant damages due to Defendants' false and misleading statements and omissions.

## JURISDICTION AND VENUE

13.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

15.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered, the subsequent damages took place in, and the Company maintains locations in this judicial district.

16.    In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails,

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

17.    Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

18.    Defendant Edison is incorporated in the state of California, and the Company's principal executive offices are located at 2244 Walnut Grove Ave., P.O. Box 976, Rosemead, CA, 91770.  Edison securities trade on the New York Stock Exchange ("NYSE") under the symbol "EIX."

19.    Defendant Pedro J. Pizarro ("Pizarro") was the Company's Chief Executive Officer ("CEO") at all relevant times.

20.    Defendant Maria Rigatti ("Rigatti") was the Company's Chief Financial Officer ("CFO") at all relevant times.

21.    Defendants Pizarro and Rigatti are collectively referred to herein as the "Individual Defendants."

22.    Each of the Individual Defendants:

     (a)    directly participated in the management of the Company;

     (b)    was directly involved in the day-to-day operations of the Company at the highest levels;

     (c)    was privy to confidential proprietary information concerning the Company and its business and operations;

     (d)    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

4

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

23.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

24.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

25.     The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading
### Statements Issued During the Class Period

26.     On February 25, 2021, Edison filed a Form 10-K for the fiscal year ended December 31, 2020 (the "2020 10-K"). The 2020 10-K stated, in pertinent part, "SCE also uses its PSPS program to proactively de-energize power lines to mitigate the risk of catastrophic wildfires during extreme weather events."

27.     On February 24, 2022, the Company filed a Form 10-K for the fiscal year ended December 31, 2021 (the "2021 10-K"). The 2021 10-K stated, in relevant part, "SCE also uses its PSPS program to proactively de-energize power

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

lines as a last resort to mitigate the risk of catastrophic wildfires during extreme weather events."

28. On February 23, 2023, the Company filed a Form 10-K for the fiscal year ended December 31, 2022 (the "2022 10-K"). The 2022 10-K stated, in pertinent part, "SCE also uses its PSPS program to proactively de-energize power lines as a last resort to mitigate the risk of significant wildfires during extreme weather events."

29. On February 22, 2024, the Company filed a Form 10-K for the fiscal year ended December 31, 2023 (the "2023 10-K"). The 2023 10-K stated, in relevant part, "SCE also uses its PSPS program to proactively de-energize power lines as a last resort to mitigate the risk of significant wildfires during extreme weather events."

30. On Friday, January 3, 2025, at 3:17 p.m., the National Weather Service Los Angeles ("NWS-Los Angeles") issued a Fire Weather Watch effective from Tuesday, January 7th, through Friday, January 10th in Los Angeles and Ventura Counties. NWS-Los Angeles noted Critical Fire Conditions would be present and that "any fire starts may grow rapidly in size with extreme fire behavior."[1]

---

[1] @NWSLosAngeles, X.COM, NATIONAL WEATHER SERVICE LOS ANGELES, (Jan. 3, 2025 at 3:17 PM) https://x.com/NWSLosAngeles/status/1875320550094147720 (last accessed Jan. 17, 2025).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS



31.     On January 5th, Los Angeles County and NWS-Los Angeles issued a Red Flag Warning and High Wind Warning for most of Los Angeles County.[2] In its alert, NWS-Los Angeles specifically stated, "Widespread damaging wind gusts 50-80 mph, Isolated 80-100 mph for mountains/foothills." Eaton Canyon, being in the mountains of Los Angeles County, was at risk of 80-100 mph wind gusts and yet SCE decided to keep many parts of its distribution circuit in and near Eaton Canyon energized.

---

[2] @NWSLosAngeles, X.COM, NATIONAL WEATHER SERVICE LOS ANGELES, (Jan. 5, 2025 at 3:34 PM) https://x.com/ReadyLACounty/status/1876049706494972360 (last accessed Jan. 17, 2025).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS



32.     On January 6th at 6:47 p.m., NWS-Los Angeles Issued another alert stating: "HEADS UP!!! A LIFE-THREATENING, DESTRUCTIVE, Widespread Windstorm is expected Tue afternoon-Weds morning across much of Ventura/LA Co. Areas not typically windy will be impacted. See graphic for areas of greatest concern. Stay indoors, away from windows, expect power outages."[3] Specifically, NWS-Los Angeles stated that its Locations of Greatest Concern included the San Gabriel Valley, Pasadena, and Altadena from the afternoon of Tuesday January 7th to the morning of Wednesday January 8th.

---

[3] @NWSLosAngeles, X.COM, NATIONAL WEATHER SERVICE LOS ANGELES, (Jan. 6, 2025 at 11:00 AM) https://x.com/NWSLosAngeles/status/1876343016526598292 (last accessed Jan. 17, 2025).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

33.    On January 6th at 6:47 p.m., NWS-Los Angeles declared the Red Flag warning to be a "Particularly Dangerous Situation" warning of "widespread damaging wind gusts 50-80 mph, Isolated 80-100 mph for mountains/foothills. Downed Trees and power outages. Use extreme caution with any potential ignition sources."[4]

34.    NWS-Los Angeles warnings proved highly accurate: on January 7th it recorded wind gusts as high as 99 miles per hour in Altadena.[5]

35.    In its California Fire Weather Annual Operating Plan, the California Wildfire Coordinating Group defined a "Red Flag Warning Particularly Dangerous Situation" classification to "highlight exceptional fire weather

---

[4] @NWSLosAngeles, X.COM, NATIONAL WEATHER SERVICE LOS ANGELES, (Jan. 6, 2025 at 6:47 PM) https://x.com/NWSLosAngeles/status/1876460729848782871 (last accessed Jan. 17, 2025).

[5] Renee Straker, Senior Centers Frantically Evacuated As Eaton Wildfire Closed In On Altadena, California, WEATHER.COM, (Jan. 8, 2025) https://weather.com/news/news/2025-01-08-senior-centers-evacuated-amid-eaton-wildfire-altadena-california (last accessed Jan. 10, 2025).

9

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

conditions (combination of meteorological and fuels) considered rare and/or especially impactful to the public and firefighting community."[6] These risks are so exceptional that they represent the ***most severe hazard*** the National Weather Service can designate according to its own Red Flag Weather Matrix.

| Red Flag Weather Matrix | | Sustained Winds | | | | |
|---|---|---|---|---|---|---|
| | | <6 mph | 6--11 mph | 12-20 mph | 21-29 mph | 30+ mph |
| **H u m i d i t y** | Daytime Min <29-42% and/or Night Max 60-80% | | | | | RFW |
| | Daytime Min <19-28% and/or Night Max 46-60% | | | | RFW | RFW |
| | Daytime Min <9-18% and/or Night Max 31-45% | | | RFW | RFW | RFW |
| | Daytime Min <9% and/or Night Max <31% | | RFW | RFW | RFW | PDS RFW |

36.     Defendant SCE states that it de-energized its distribution lines to the west of Eaton Canyon through a Public Safety Power Shutoff ("PSPS") on January 7, 2025, recognizing the NWS-LA's severe PDS Red Flag Warning on January 6, 2025.

37.     The statements contained in ¶¶ 26-29 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Edison's claim that Southern California Edison Company ("SCE") used its Public Safety Power Shutoffs ("PSPS") program to "proactively de-energize

---

[6] California Fire Weather Annual Operating Plan 2024, CALIFORNIA WILDFIRE COORDINATING GROUP, (Apr. 30, 2024), available at

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

power lines to mitigate the risk of catastrophic wildfires during extreme weather events", was false; (2) this resulted in heightened fire risk in California and heightened legal exposure to the Company; and (3) as a result, Defendants' statements about Edison's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

### THE TRUTH BEGINS TO EMERGE

38.    At approximately 6:10 p.m. on January 7, 2025, Brendan Thorn, a Pasadena resident living on Canyon Close Road adjacent to Eaton Canyon, noticed his power flicker and a few minutes later a neighbor called him to say there was a fire under the power lines in Eaton Canyon. Thorn stated, "Sure enough, I walk outside and those towers right up there at the very base of it, right around the bottom there was a fire maybe knee-high starting about there."[7]

39.    Harry Kertenian, who owns a home on Lindaloa Lane in the Kinneloa Mesa neighborhood to the east of Eaton Canyon, told reporters that his mother told him she saw the power lines sparking.[8] Kertenian, who has lived in the area for more than two decades, says he hikes the Eaton Canyon Valley all the time and noticed that the whole Eaton Wash area has been full of dry debris and dead brush.

40.    At approximately 6:15 p.m. on January 7, 2025, Altadena residents Jennifer Errico and Marcus Errico observed the ignition of the Eaton Fire underneath an electrical tower across the canyon from their home on the 2500 block of Canyon View Drive in Pasadena, CA 91107. Before evacuating, Jennifer

---

https://www.weather.gov/media/wrh/cafw/2024_CA_FIRE_AOP.pdf (last accessed Jan. 17, 2025).

[7] Rob Hayes, Cause of Eaton Fire may be downed power line, witness says, ABC 7, (Jan. 10, 2025) https://abc7.com/post/california-wildfire-cause-eaton-fire-may-downed-power-line-witness-says/15788334/ (last accessed Jan. 17, 2025).

[8] Id.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

and Marcus took photographs of the fire underneath what they described as "giant, giant towers" across from where Midwick Drive intersects with North Altadena Drive.[9] The images they took from their backyard are below.



41.    The truth of the fire's source, however, was unknown to the investing public at the time, as residents were busy evacuating. Indeed, news concerning the source of the Eaton Canyon Fire's source would not be known until days after the fire started.

42.    Meanwhile, Edison obfuscated the truth by making false and misleading statements concerning its role in the fire. On January 8, 2025, Edison issued a press release stating, in relevant part:

> "Tuesday afternoon in SCE's service area. SCE has transmission facilities on the east side of Eaton Canyon. ***SCE's distribution lines immediately to the west of Eaton Canyon were de-energized well before the reported start time of the fire, as part of SCE's Public Safety Power Shutoff (PSPS) program.*** SCE is currently conducting

---

[9] James MacPherson, The Moment the Eaton Fire Ignited, PASADENA NOW, (Jan. 9, 2025) https://pasadenanow.com/main/the-moment-the-eaton-fire-ignited (last accessed Jan. 17, 2025)

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

a review of the event. The Hurst Fire began late Tuesday evening. While the reported ignition site is within the Los Angeles Department of Water and Power's service area, SCE has transmission facilities near the reported ignition site, and the company is currently conducting a review of the event."

(Emphasis added.)

43.    On January 9, 2025, the Pasadena Now article titled, "The Moment the Eaton Fire Ignited" was published, reporting from eyewitnesses that the Eaton Canyon Fire originated near electrical towers, although the article did not name Edison or SCE as the entities responsible for operating said towers.

44.    On this news, Edison share prices dropped $4.50, or approximately 6.47%, from closing at $69.50 on January 8, 2025 to close at $65.00 on January 10, 2025, the next trading day.

45.    On January 12, 2025, a Sunday, Edison issued a press release, stating in relevant part:

"SCE filed two Electric Safety Incident Reports (ESIR) related to current wildfires, one for the Eaton Fire and another for the Hurst Fire. ESIRs are filed with the California Public Utilities Commission (CPUC) for incidents that meet certain criteria, such as significant media attention or a governmental investigation. These brief reports contain preliminary information and are provided within two to four hours after a triggering event. To comply with CPUC requirements, these reports are often submitted before SCE can determine whether its electric facilities are associated with an ignition.

Eaton Fire

On Jan. 9, SCE filed an ESIR related to the Eaton Fire, as the incident may have met the reporting requirement, such as significant media attention and property damage exceeding $200,000. Additionally, SCE received evidence preservation notices from counsel representing insurance companies in connection with the fire. **SCE conducted preliminary analysis of electrical circuit**

13

***information for the four energized transmission lines in the Eaton Canyon area. That analysis shows no interruptions or operational/electrical anomalies in the 12 hours prior to the fire's reported start time until more than one hour after the reported start time of the fire.*** Aside from the preservation notices suggesting SCE's potential involvement and media attention surrounding the fire, SCE would not have filed an ESIR."

(Emphasis added)

46.    While the market was still digesting the news that Edison had, in fact, ***not*** de-energized its power lines in the Eaton Canyon area, a lawsuit was filed on Monday, January 13, 2025, alleging that Edison was responsible for the Eaton Canyon Fire. The lawsuit was filed in the Superior Court of the State of California for the County of Los Angeles and alleged that the fires originated from Edison's power lines. The complaint included eye-witness accounts and photographs that showed the fire was started by Edison's electrical equipment.

47.    On this news, Edison share prices dropped by $7.73, or approximately 11.89%, from closing at $65.00 on January 10, 2025, to close at $57.27 on January 13, 2025, the next trading day.

48.    On February 6, 2025, The Wall Street Journal published an article titled, "Edison Unit Says Its Equipment May Have Been Involved in SoCal Fires." The article reported that, on that day, SCE "submitted two letters to the California Public Utilities Commission with updates on its analysis of the Eaton and Hurst wildfires, saying it believes its equipment may be associated with the start of the Hurst fire."

49.    On this news, Edison share prices dropped by $1.28, or approximately 2.4%, to close at $51.16 on February 6, 2025.

50.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired Edison securities publicly traded on the NYSE during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Edison and its subsidiaries, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

52.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Edison securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

53.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

54.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

55.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

- whether the Exchange Act was violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business of Edison;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused Edison to issue false and misleading filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false filings;

- whether the prices of Edison securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

56.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

16

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

57.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Edison shares met the requirements for listing, and were listed and actively traded on the NYSE, an efficient market;

- As a public issuer, Edison filed periodic public reports;

- Edison regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

- Edison's securities were liquid and traded with sufficient volume during the Class Period; and

- Edison was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

58.     Based on the foregoing, the market for Edison securities promptly digested current information regarding Edison from all publicly available sources and reflected such information in the prices of the securities, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

59.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

17

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder Against All Defendants

60.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

61.     This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

62.     During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

63.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Edison securities during the Class Period.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

64.    Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Edison were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These Defendants by virtue of their receipt of information reflecting the true facts of Edison, their control over, and/or receipt and/or modification of Edison's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Edison, participated in the fraudulent scheme alleged herein.

65.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Edison personnel to members of the investing public, including Plaintiff and the Class.

66.    As a result of the foregoing, the market price of Edison securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Edison securities during the Class Period in purchasing Edison securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

67.    Had Plaintiff and the other members of the Class been aware that the market price of Edison securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Edison securities at the artificially inflated prices that they did, or at all.

68.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

69.    By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Edison securities during the Class Period.

## COUNT II

### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

70.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.    During the Class Period, the Individual Defendants participated in the operation and management of Edison, and conducted and participated, directly and indirectly, in the conduct of Edison's business affairs. Because of their senior positions, they knew the adverse non-public information about Edison's business practices.

72.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Edison's financial condition and results of operations, and to

20

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

correct promptly any public statements issued by Edison which had become materially false or misleading.

73.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Edison disseminated in the marketplace during the Class Period concerning Edison's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Edison to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Edison within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Edison securities.

74.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Edison.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS

(d)    awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.

Dated: February 11, 2025                    **THE ROSEN LAW FIRM, P.A.**
                                            By:/s/Laurence M. Rosen
                                            Laurence M. Rosen (SBN 219683)
                                            355 South Grand Avenue, Suite 2450
                                            Los Angeles, CA 90071
                                            Telephone: (213) 785-2610
                                            Facsimile: (213) 226-4684
                                            Email: lrosen@rosenlegal.com

                                            *Counsel for Plaintiff*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS